## CIRCUIT COURT OF THE CITY OF RICHMOND

Laila Hakki

v.

Richmond Metropolitan Hospital et al.

November 17, 1988

Case No. LL-477-4

By JUDGE RANDALL G. JOHNSON

I have now read the deposition of Dr. Lester and the supplemental arguments which each of you submitted.

The issue before the court is whether Dr. Arthur H. Lester is qualified to testify as an expert witness concerning the standard of care in Virginia in 1984. In *Grubb v. Hocker*, 229 Va. 172, 326 S.E.2d 698 (1985), the Supreme Court reversed a trial court's refusal to allow a physician to testify as an expert. In making its ruling, the Court stated that even though the proferred expert, Dr. Horwitz, was not licensed in Virginia, he had demonstrated sufficient familiarity with the standard of care applicable in this state to permit him to testify as an expert. Specifically, the Court noted:

> From 1969 to 1971, Dr. Horwitz was employed as an emergency room physician at Fairfax Hospital in Fairfax County. During that period, he became licensed to practice medicine in Virginia. He subsequently served briefly as a visiting professor at Portsmouth Naval Hospital in Virginia. He returned to Virginia about two years before trial to lecture health care professionals at Reston concerning the clinical treatment of diabetes.

Dr. Horwitz testified that he was a general practitioner while his license to practice medicine in Virginia was in effect, but that his Virginia license lapsed after 1971, when he left the state. He stated, however, that he maintained "currency" in the fields of internal medicine, endocrinology and metabolism, as related to the treatment of diabetes, *and that he maintained familiarity with the standard of care for a general practitioner of medicine in Virginia.* 229 Va. at 174 (emphasis added).

In addition, the Court also noted the following testimony given by Dr. Horwitz:

I have numerous contacts with physicians practicing in the State of Virginia. I attend their lectures, several people from the Diabetes Center at the University of Virginia. I have heard a lecture recently, and I know that their standard of practice is unchanged essentially from when I was practicing in the State. 229 Va. at 175.

In *Henning v. Thomas*, 235 Va. 181 (1988), the Court affirmed the decision of a trial court which allowed a physician to testify as an expert. Again, the Court specifically noted several factors which demonstrated the familiarity of Dr. Culley, the expert, with Virginia's standard of care:

According to Culley, the standards of practice in orthopedic surgery apply everywhere. Moreover, according to him, the requirements that must be fulfilled to receive board certification are much more stringent than any state licensing requirement. He said that, to his knowledge, there were no state standards in orthopedics that would be contrary to national standards.

Culley also testified that in preparing for trial he had reviewed the depositions of Drs. Henning, Prunner, and Wilson. He also had read the deposition of and talked personally with Dr. Richard H. Fisher, an orthopedic surgeon

who practiced in the Roanoke area. Culley testified that in his reading he did not see anything that would indicate a standard of care in Virginia which differed from the standard of care elsewhere. In particular, Culley said that he agreed with Dr. Wilson, a Virginia-trained physician, who stated in his deposition that the techniques of orthopedic surgery are basically the same nationwide. Culley also agreed with Dr. Wilson's view that the recognition of the problem which allegedly had paralyzed Mrs. Thomas was basically the same everywhere. Moreover, Culley testified that when he discussed the case with Dr. Fisher, they both analyzed the problem in the identical manner.

On cross examination, Culley admitted that he had never practiced orthopedic surgery in Virginia, that no Virginia patient had ever been transferred to him, that he had given no lectures in Virginia, and that he had not treated Thomas. *Nevertheless, Culley concluded, based on all the items mentioned in his direct testimony, that he knew the standard of care of a reasonably prudent orthopedic surgeon practicing in Virginia.* The trial court agreed and found him qualified to testify. 235 Va. at 184-185 (emphasis added).

Applying the above principles to the case at bar, it is my opinion that Dr. Lester has not demonstrated sufficient familiarity with the standard of care in Virginia to permit him to testify as an expert. To the contrary, he specifically testified on cross-examination that he has not been licensed to practice medicine in Virginia since sometime "in the 1970's," that he left Virginia in 1972, that he does not belong to any Virginia medical societies, that he has not discussed medicine generally, or obstetrics and gynecology specifically, with any Virginia physician since leaving Virginia, that he has not conferred in person or by telephone with any Virginia physician regarding the care and treatment involved in this case, and most importantly, *that he has not inquired of any physician what the standard of care in Virginia was in*

*1984 when plaintiff's alleged injury occurred.* While plaintiff attempts to cure these deficiencies by pointing to the testimony of other physicians that the *surgical procedure* for removing an ovary has not changed since 1971, it is the *Virginia standard of care*, and not specific surgical procedures, with which a physician must be familiar in order to render an expert opinion in cases such as this. Because Dr. Lester has not demonstrated the same familiarity with the Virginia standard of care as was demonstrated in *Grubb* and *Henning, supra,* he will not be allowed to testify as an expert in this case.